ELECTRONICALLY FILED - 2022 Jan 19 4:21 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2022CP4500017

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF WILLIAMSBURG ) | CIVIL ACTION NO.: 2022-CP-45-_____ |
| ) | |
| Sherrie Whitfield, as Personal ) | |
| Representative of the Estate of ) | |
| Ramone Demorre Whitfield, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | **(Jury Trial Demanded)** |
| v. ) | |
| ) | |
| Southern Atlantic Partners, LLC ) | |
| And Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Amended Complaint in this action. A copy of the Amended Complaint is attached to this Summons and is herewith served upon you. Your answer must be in writing and signed by you or by your attorney and must state your address or the address of your attorney if signed by your attorney. Your answer must be served upon the undersigned attorneys for the Plaintiff within thirty (30) days after the service hereof, exclusive of the day of service at 171 Church Street, Suite 160, Charleston, South Carolina 29401.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to appear and defend and fail to answer the Amended Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Amended Complaint.

**HOPKINS LAW FIRM, LLC**

*s/ J. Clay Hopkins*
J. Clay Hopkins  (SC Bar #102053)
clay@hopkinsfirm.com
J. Ryan Heiskell  (SC Bar #76960)
ryan@hopkinsfirm.com
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 – Telephone
(843) 314-9365 – Facsimile

*Attorneys for Plaintiff*

Pawleys Island, South Carolina
January 19, 2022

ELECTRONICALLY FILED - 2022 Jan 19 4:21 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2022CP4500017

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF WILLIAMSBURG ) | CIVIL ACTION NO.: 2022-CP-45-_____ |
| ) | |
| Sherrie Whitfield, as Personal ) | |
| Representative of the Estate of ) | |
| Ramone Demorre Whitfield, ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | **(Jury Trial Demanded)** |
| ) | |
| v. ) | |
| ) | |
| Southern Atlantic Partners, LLC ) | |
| And Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff Sherrie Whitfield, as Personal Representative of the Estate of Ramone Demorre Whitfield ("Plaintiff") complaining of the Southern Atlantic Partners, LLC ("Southern Atlantic"), and Jane Doe ("Doe") (collectively referred to as "Defendants") would respectfully allege and show unto the Court as follows:

### NATURE OF THE CASE

1. This action arises out of injuries Ramone Demorre Whitfield ("Decedent") sustained on January 20, 2019, and his resulting death while at an apartment complex located at 825 Tomlinson Street in Kingstree, County of Williamsburg ("the Premises"). The Premises were owned, maintained, managed, and operated by Defendants.

2. Plaintiff brings this as a wrongful death action in her fiduciary capacity as Personal Representative of the Estate of Ramone Demorre Whitfield and as provided for in South Carolina Code Ann. § 5-51-10, *et seq.*, as amended, for the benefit of the statutory beneficiaries of the Decedent, namely his six (6) minor children: J.W., N.W., J.B., J.S., R.W., and R.G.

3. Moreover, this is a survival action brought pursuant to South Carolina Code

Ann. § 15-5-90, *et seq.*, for the benefit of Ramone Demorre Whitfield for conscious pain and suffering.

4.  Plaintiff seeks monetary relief from Defendants for their negligent, grossly negligent, and reckless violations of duties owed to Decedent, including Defendants' duties to maintain the premises in a reasonably safe condition, properly manage the property and safety risks, and to warn against and eliminate known dangers and unreasonable risks.

**PARTIES**

5.  Sherrie Whitfield is a resident and citizen of the State of South Carolina, County of Florence. Pursuant to the August 5, 2020 Order of the Honorable Betty F. Matthews, Judge of the Williamsburg County Probate Court, Plaintiff was appointed as Personal Representative of the Estate of Ramone Demorre Whitfield.

6.  Upon information and belief, Defendant Southern Atlantic Partners, LLC is an active limited liability company incorporated in the State of North Carolina, and, at all times herein, was contracted by Hampton Apartment Homes, LLC to operate and manage the Premises.

7.  Upon information and belief, Jane Doe, whose true name is unknown, is a citizen and resident of Williamsburg County, South Carolina, and, at all times herein, was employed by Defendant Southern Atlantic to manage and operate the Premises as a Property Manager.

**JURISDICTION AND VENUE**

8.  Venue and jurisdiction are proper in the Circuit Court of Williamsburg County because the Premises are located in, and the most substantial part of the acts or

omissions giving rise to Plaintiff's cause(s) of action occurred in, Williamsburg County.

## FACTS

9. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

10. At all material times, Defendants owned, managed, maintained, secured, inspected, and/or controlled the day-to-day activities and operation of the Premises and/or did so through their employees, contractors, and agents who, at all material times and regarding the operation, maintenance, and management of the premises, were subject to Defendants' right of control.

11. At all material times to this action, Defendants had and/or assumed the duties to: (a) provide security and security personnel; (b) Premises configurations to promote safety to visitors and guests; (c) security cameras and/or surveillance video; (d) lighting, gates, fences, and control over points of ingress and/or egress to protect guests and invitees on the Premises; and (e) to control and guard against the criminal activity which had been occurring at or in the immediate vicinity of the Premises, and thereby had and/or assumed duties to Decedent to provide reasonable security at the Premises or otherwise had a duty to provide reasonable security measures.

12. At all material times to this action, Defendants, their agents, employees, and/or servants, had actual or constructive knowledge of a history of criminal activity on and in the vicinity of the Premises and knew or should have known that there was a propensity for criminal conduct by third persons which unreasonably exposed invitees, including Decedent, to an unreasonable dangerous condition on the premises which was likely to cause harm to invitees.

13. On or about January 20, 2019, Decedent, a resident and invitee, was shot upon the Premises and died from his injuries.

**FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS**
**(Premises Liability – Negligence as to an Invitee)**

14. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

15. Plaintiff was a resident and invitee on the premises and at all times relevant to this action was on Defendants' Premises with Defendants' express and/or implied permission and for the purpose of benefitting Defendants.

16. At all material times, Defendants, through their officers, agents, servants, and employees owed a non-delegable duty to its residents, invitees, and the general public to exercise reasonable care to keep and maintain the Premises in a condition reasonably safe use by residents, invitees, and the public, including the area within the Premises. In particular, Defendants had a duty to take such precautions as were reasonably necessary to protect their residents and invitees from criminal attacks which were and/or should have been reasonably foreseeable.

17. At all material times, Defendants, through their officers, agents, servants, and employees knew or in the exercise of reasonable care should have known, that their Premises and the area immediately surrounding this Premises was a high crime area, that there had been numerous violent criminal acts and attacks perpetrated on the residents and public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on residents and the general public on the Premises unless Defendants took reasonable and proper steps to provide adequate security at the premises.

ELECTRONICALLY FILED - 2022 Jan 19 4:21 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2022CP4500017

18.     At all material times, Defendants knew or in the exercise of reasonable care should have known, on account of the nature and frequency of crime at the Premises, that said Premises constituted a dangerous and hazardous area for its guests, invitees, and the public, and Defendants were in a superior position to appreciate such hazards and take necessary steps to prevent harm to the residents, tenants, tenant's guests, invitees, and the public including Decedent.

19.     Defendants and their officers, agents, servants, and employees knew, or in the exercise of reasonable care should have known, that individuals did not have it within their power to take the measures necessary to provide for their own safety and security inside the Premises.

20.     At all material times, Defendants and their officers, agents, servants and/or employees were in a superior position to appreciate such danger and to take the steps necessary to deter and prevent such criminal attacks on the Premises.

21.     Because of the allegations set forth above, at all material times, the criminal attack and murder of Decedent, was reasonably foreseeable to Defendants, and Defendants were in a superior position to appreciate such hazards and take necessary steps to prevent harm to residents, tenants, tenant's guests, invitees, and the public including Decedent.

22.     At the above-mentioned time and place, Defendants did itself, and/or by and through its agents, servants, and employees, breach their non-delegable duty to Plaintiff to exercise reasonable care for the safety and protection of the residents and their invitees, including Decedent, and acted in a careless and negligent manner in various respects including, but not limited to the following acts of omission or commission:

ELECTRONICALLY FILED - 2022 Jan 19 4:21 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2022CP4500017

a. Failing to have security guards/officers on the Premises during relevant hours;

b. Failing to warn patrons and invitees, including Decedent, of the nature and character of the area and surrounding area in which the premises was located, when Defendants knew or should have known that many criminal incidents against persons and property had occurred on and around its Premises;

c. Failing to take reasonable measures that would guard against and otherwise deter the conduct of criminal activity on their Premises and in failing to be proactive in the prevention of crimes on their property and against their guests and invitees;

d. Failing to inspect and evaluate their property for dangerous conditions and security deficiencies;

e. Failing to implement reasonable monitoring devices such as surveillance cameras on and around the exterior of the Premises and/or to ensure they were operable at all times;

f. Failing to create, implement, distribute, and/or enforce reasonable security policies, security measures and security procedures necessary to protect their residents and invitees;

g. Failing to create and/or implement a reasonable security plan which would meet the known industry standards and customs for safety in the community;

h. Failing to take reasonable precautionary measures to deter and prevent violent crime upon the Premises, in light of the history of violent crime, at the Premises;

i. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for residents and invitees at the subject Premises, when Defendants knew or should have known of foreseeable criminal acts;

j. Failing to have an adequate number of security guards at the subject premises to protect residents and invitees, including Decedent;

k. Failing to hire and/or retain competent security guards to protect residents and invitees, including Decedent;

l. Failing to properly train security guards to be reasonably skillful,

ELECTRONICALLY FILED - 2022 Jan 19 4:21 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2022CP4500017

   competent and/or qualified to exercise appropriate and proper security measures so that they could protect resident and invitees, including Decedent;

 m. Failing to provide proper and sufficient lighting for the subject Premises, including, but not limited to, exterior lighting on the ingress and egress areas, parking areas, roadways, and surrounding areas;

 n. Failing to implement or operate adequate access control to the community; and

 o. In such other particulars as the evidence produced in discovery and at trial may show.

23. At all material times, Defendants were on notice or should have been on notice of violent criminal activity as is evidenced by prior crimes on the Premises.

24. At all material times, Defendants did foresee or should have foreseen the likelihood of criminal activity on the Premises as is evidenced by prior crime on its Premises.

25. Defendants, through their agents and employees negligently failed to have any procedures governing the inspection supervision, and/or security of the area where the subject incident occurred, or in the alternative:

 a. Defendants, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, Defendants negligently and carelessly failed to implement said procedures; or in the alternative;

 b. Defendants, through their agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

26. At all material times, Defendants, through their agents and employees, created and/or allowed to be created said dangerous conditions as state above on the subject Premises. Defendants failed to warn residents, tenants, tenant's guests, invitees,

and the public, including Decedent, of the existence of said dangerous condition; or in the alternative, did allow said dangerous condition to exist for a length of time sufficient in which a reasonable inspection would have disclose the same.

27.     Defendants' negligence proximately caused the assault and death of Decedent, and directly led to the criminal attack of Decedent in that:

   a. There was inadequate and/or nonexistent visible deterrence to present said criminal assault;

   b. There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault;

   c. Criminals could carry out physical assaults on Defendants' Premises without fear of being caught, discovered, and/or prosecuted; and

   d. An atmosphere was created at Defendants' Premises which facilitated the commission of crimes against persons.

28.     As a direct and proximate result of Defendants' negligence, gross negligence, willful, wanton, and/or reckless conduct, Decedent was shot on said premises on January 20, 2019, suffered severe physical and psychological injuries, pain and suffering, temporary and/or permanent physical and psychological limitations, medical expenses, loss of income and loss of earning capacity, mental anguish and emotional distress, anxiety, stress, emotional upset, emotional pain and suffering, substantial medical bills, loss of enjoyment of life, and other injuries, and ultimately died as a result of those injuries, and his Estate and/or survivors and/or beneficiaries have suffered and will continue to suffer damages into the future, and as a result, Plaintiff is entitled to judgment against Defendants, jointly and severally, for actual and punitive damages for their negligence.

## FOR A SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS
### (Negligent Hiring, Supervision, and/or Retention)

29. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. The above-described actions of Defendants resulted from the carelessness and negligence of Defendants, their agents, servants, employees, or other representatives, in hiring, supervision, retaining, and failing to properly train its employees.

31. Defendants had notice, or should have known, that their hiring and continued retention and failure to supervise their employees would result in foreseeable actual harm to its residents, guests, tenants, and the public.

32. As a direct and proximate result of Defendants' negligence, gross negligence, willful, wanton, and/or reckless conduct, Decedent was shot on said premises on January 20, 2019, suffered severe physical and psychological injuries, pain and suffering, temporary and/or permanent physical and psychological limitations, medical expenses, loss of income and loss of earning capacity, mental anguish and emotional distress, anxiety, stress, emotional upset, emotional pain and suffering, substantial medical bills, loss of enjoyment of life, and other injuries, and ultimately died as a result of those injuries, and his Estate and/or survivors and/or beneficiaries have suffered and will continue to suffer damages into the future, and as a result, Plaintiff is entitled to judgment against Defendants, jointly and severally, for actual and punitive damages for their negligence.

## FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS
### (Wrongful Death and Survival Claim)

33. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. This action is brought pursuant to Section 15-51-10, *et seq.*, of the Code of Laws of South Carolina (1976, as amended) and is brought by Sherrie Whitfield, Personal Representative of the Estate of Ramone Demorre Whitfield, on behalf of the statutory beneficiaries of Ramone Demorre Whitfield.

35. The aforementioned acts as alleged caused the untimely death and demise of Ramone Demorre Whitfield on January 20, 2019. The death of Mr. Whitfield was caused and occasioned by the negligent and grossly negligent acts of the Defendants as set forth hereinabove.

36. Prior to his death, Ramone Demorre Whitfield resided in Williamsburg County, South Carolina. The Defendants' acts of gross negligence, carelessness, recklessness, willfulness, and wantonness which proximately caused Ramone Demorre Whitfield's death causing his beneficiaries to suffer damages recoverable pursuant to South Carolina Code Ann. § 15-51-10, *et seq.* Specifically, they have been deprived of his future experience and judgment. They have been and forever will be caused grief and sorrow by the loss of their father's love, society, and companionship. They have incurred expenses for his funeral and related expenses and, as a result of the foregoing, they have been damaged in actual damages as follows:

    a. Pecuniary loss, loss of economic support for family;

    b. Loss of family services;

    c. Mental shock and suffering;

      d.      Wounded feelings;

      e.      Grief and sorrow;

      f.      Loss of companionship; and

      g.      Depravation of the use and comfort of the intestate's society and loss of his experience.

37.    As a further result and because of the Defendants' recklessness, willful, negligent and grossly negligent conduct, Plaintiff is entitled to punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

38.    As a proximate result of these acts of negligence, gross negligence and willfulness, Plaintiff is entitled to judgment against the Defendants for actual and punitive damages, including those damages recoverable pursuant to South Carolina Code Ann. § 15-51-90, *et seq.*, as well as conscious pain and suffering.

**WHEREFORE**, having set forth her Complaint, Plaintiff would respectfully request judgment against Defendants, jointly and severally, for actual damages, punitive damages, costs, attorney's fees, costs, pre-judgment interest, and any other relief the Court may deem just and equitable.

Plaintiff hereby demands a trial by jury.

ELECTRONICALLY FILED - 2022 Jan 19 4:21 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2022CP4500017

**HOPKINS LAW FIRM, LLC**

*s/ J. Clay Hopkins*
J. Clay Hopkins  (SC Bar #102053)
clay@hopkinsfirm.com
J. Ryan Heiskell  (SC Bar #76960)
ryan@hopkinsfirm.com
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 – Telephone
(843) 314-9365 – Facsimile

*Attorneys for Plaintiff*

Pawleys Island, South Carolina

January 19, 2022

ELECTRONICALLY FILED - 2022 Jan 19 4:21 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2022CP4500017

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF WILLIAMSBURG ) | IN THE COURT OF COMMON PLEAS<br>FOR THE THIRD JUDICIAL CIRCUIT<br>CIVIL ACTION NO.: 2022-CP-45-00017 |
| Sherrie Whitfield, as Personal )<br>Representative of the Estate of )<br>Ramone Demorre Whitfield, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Southern Atlantic Partners, LLC )<br>And Jane Doe, )<br>)<br>Defendants. )<br>_____ ) | **ACCEPTANCE OF SERVICE** |

Pursuant to Rule 4(j), SCRCP, I certify that I received a copy of the Summons and Complaint and Plaintiff's First Set of Interrogatories to Defendant Southern Atlantic Partners, LLC on behalf of the Defendant Southern Atlantic Partners, LLC in the above captioned action at the following location:

**Lesemann & Associates, LLC, 418 King Street, Suite 301, Charleston, SC 29403**

_____
Benjamin H. Joyce, Esquire
Lesemann & Associates, LLC
418 King Street, Suite 301
Charleston, SC 29403
(843) 724-5155 – Telephone

Charleston, South Carolina
January __31__, 2022